MANDT WAGON COMPANY, Appellant, vs. FULLER & JOHNSON MANUFACTURING COMPANY, Respondent.

*December 14, 1903—January 12, 1904.*

*Contracts: Settlement: Release: Pleading: Demurrer.*

In an action on contract for goods sold by plaintiff's assignor, defendant pleaded a settlement and release with the assignor prior to the assignment. The release, pleaded in the answer, after stating the relations between the assignor and defendant, contained a provision releasing defendant "of and from any and all claim or claims of every nature and description arising or growing out of any of the transactions above referred to," and it was alleged that plaintff's claim was therein included. *Held,* that it was competent to show by extrinsic evidence that plaintiff's claim arose out of the transactions specifically mentioned in the release, and it necessarily followed that the answer stated a defense to plaintiff's cause of action.

APPEAL from an order of the circuit court for Dane county: R. G. SIEBECKER, Circuit Judge. *Affirmed.*

Omitting formal allegations the complaint states this: Between January 26, 1896, and April 2, 1902, the T. G. Mandt Vehicle Company sold and delivered to defendant goods, wares and merchandise of the value of $16,654.18. An itemized statement thereof is annexed to the complaint. There has been paid thereon $16,370.33. The balance, $283.85, became due April 2, 1902, and has not been paid. Prior to the commencement of this action it was, for value, assigned to plaintiff. To that was added a proper prayer for judgment.

Defendant answered in substance as follows: T. G. Mandt was the president of the T. G. Mandt Vehicle Company from the time of its organization till the date of his death, February 28, 1902. During such time he invented several improvements in wagons, buggies and bobsleighs, and obtained patents for such inventions, receiving financial assistance in that regard from John A. Johnson, the president of the defendant. In the course of the business transactions in relation to such patents Mr. Johnson became a joint owner with Mandt of some of them, and was such at the time of his death, which was prior to the settlement hereafter referred to. During the period mentioned the said T. G. Mandt Vehicle Company and the defendant traded with each other with reference to the manufacture of articles which included devices covered by such patents. In all such trade relations T. G. Mandt acted on behalf of the T. G. Mandt Vehicle Company. Prior to April 28, 1902, the then president of such company called upon the representative of the heirs of said Johnson, and of the defendant, with reference to settling any difference existing between said heirs and those of said Mandt; and also between the T. G. Mandt Vehicle Company and the defendant, and obtaining from the Johnson heirs all interests held by said Johnson at the time of his death in certain patents used by said vehicle company, and a release of said company from obligations to pay the Johnson heirs

royalties on certain devices manufactured by said company under patents formerly owned by said Johnson and said Mandt jointly, and a release from agreements to pay royalties under said patents, no part of which had been paid. Thereafter, on April 28, 1902, an agreement was entered into between all the parties mentioned, whereby the cause of action mentioned in the complaint was settled and the defendant discharged thereof. Said agreement was made in writing under seal. In substance and effect it was as follows:

Agreement between the heirs of T. G. Mandt and the T. G. Mandt Vehicle Company on the one side, and the heirs of John A. Johnson and the *Fuller & Johnson Manufacturing Company* on the other side.

Whereas T. G. Mandt, during his lifetime obtained certain patents pertaining to vehicles and bobsleds, some of which became the joint property of himself and John A. Johnson, and under which patents the *Fuller & Johnson Manufacturing Company* and John A. Johnson were given certain rights and privileges, for which payments have been made; and

Whereas said Johnson advanced money to the said Mandt to enable him to obtain patents and to carry on business, on account of which a considerable sum is due the heirs at law of said Johnson; and

Whereas said Johnson' owned an interest in the following of said patents (description of patents), the letters in respect to some of which have been used by the said vehicle company and no accounting therefor made to the said Johnson or his heirs; and

Whereas the heirs of said Johnson are interested as stockholders in the *Fuller & Johnson Manufacturing Company,* and desire that it be protected in the future use of such of the inventions referred to as it has heretofore used as licensee, to wit, (description of patents) ; and

Whereas the heirs of T. G. Mandt own stock in the said vehicle company and desire to settle and adjust any claim that might be made against said company or the estate of T. G. Mandt on account of the joint interest in patents as heretofore set forth, and to settle and adjust any claim the heirs of said Johnson have against the estate of T. G. Mandt on account of loans, advances of money, etc., and to obtain from them an assignment to Jorand K. Mandt of certain patents before described, it is agreed between the parties as follows:

"That a full, complete and final settlement is this day and hereby made by and between the parties to this agreement, and that the said parties of the first part are fully released and discharged by the said parties of the second part of and from any and all claims of every name, nature and description which they or either of them have, may have or might have had by reason of any of the transactions hereinbefore mentioned.

"And the said parties of the first part hereby release, and forever discharge the said parties of the second part of and from any and all claim or claims of every nature and description arising or growing out of any of the transactions above referred to."

And the heirs of John A. Johnson, in consideration thereof, hereby sell, assign, transfer and set over to the said Jorand K. Mandt, or her assigns, all the right, title and interest they may at present have in any and all of the letters patent granted by the United States to the said Johnson or assigned to him in whole or in part, and described as follows: (Description of patents),

Reserving, however, a license or shop right to and for the use and benefit of the said *Fuller & Johnson Manufacturing Company,* and its successors in business, in and to the said described patents.

Some other provisions followed, which need not be set forth for the purposes of this appeal. The answer further

contained a general denial of indebtedness and of all allegations of the complaint not specifically admitted.

The plaintiff demurred to the answer for insufficiency. The demurrer was overruled and plaintiff appealed.

For the appellants there was a brief by *Tenneys, Hall & Swansen,* and oral argument by *Sam T. Swansen.*

*William R. Bagley,* for the respondent.

MARSHALL, J. The sole question raised by the demurrer is: Does it appear by the contract set forth in the answer, and the allegations in respect thereto, that such contract was intended to cover the subject-matter upon which plaintiff's cause of action is grounded? It is alleged in the answer that appellant's assignee, by the contract of settlement, released and discharged such cause of action. Referring to the contract itself, we are unable to find words therein which literally and plainly refer to the subject of such action. There is, however, following a statement of the relations that existed between John A. Johnson and T. G. Mandt, and the latter and the defendant company, as to patents and the purpose of the agreement to settle all such matters, in addition to language to the effect that a settlement was thereby made accordingly, this broad declaration:

"The said parties of the first part hereby release and forever discharge the said parties of the second part of and from any and all claim or claims of every nature and description arising or growing out of any of the transactions above referred to."

It will be thus seen that the answer in effect alleges that the settlement contract covered all matters therein specifically referred to and all arising or growing out of the same, and that the claim in suit was one of them. It is competent to show, by extrinsic evidence, that the plaintiff's claim falls within the terms of the general release; that is, *whether it is a claim arising out of the transactions specifically mentioned*

*in the contract.* The words of the release are plainly broad enough to include it if it satisfies the test indicated. It follows necessarily that the answer states a defense to the plaintiff's cause of action and that the demurrer was properly overruled.

*By the Court.*—Order affirmed.

CASSODAY, C. J., and SIEBECKER, J., took no part.